IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ROY CHAMBERS, Jr.,** )<br> )<br> )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>**Deputy Warden THORNTON,** *et al.,* )<br> )<br> )<br>**Defendants.** )<br>_____) | CIVIL ACTION NO. 5:21-cv-1 (MTT) |

### ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the defendants' motion to dismiss (Doc. 25) on exhaustion grounds. Doc. 43. Plaintiff Roy Chambers Jr. timely objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* the portions of the Recommendation to which Chambers objects.

In *Turner v. Burnside*, the Eleventh Circuit established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d 1077, 1082 (11th Cir. 2008). First, district courts look to the factual allegations in the motion and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. *Id.* Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. *Id.* at 1082-83.

Here, the Magistrate Judge correctly determined that the case could not be resolved under the first step of *Turner*. Doc. 43 at 5. Based on the competing accounts

of the parties "along with a concern that Plaintiff may have been misled regarding the grievance process," the Magistrate Judge convened an evidentiary hearing to make the factual findings necessary to resolve the matter.  *Id.*  With the benefit of the evidentiary hearing, the Magistrate Judge determined that Chambers's testimony was not credible.  *Id.* at 5-8.  Thus, the Magistrate Judge concluded, in accordance with *Turner*'s second step of review, that Chambers "did not file, much less properly file, an original grievance at GDCP complaining about the lack of handicap-accessible showers and toilets."  *Id.* at 8.

Chambers objects to the Magistrate Judge's credibility determination.  Doc. 47 at 2.  Specifically, Chambers focuses on a portion of the Recommendation where the Magistrate Judge noted a discrepancy between the purported grievance receipts produced by Chambers from grievances allegedly submitted from Coastal State Prison, and the GDC's correctional record keeping system which showed no grievance entries for Chambers during his entire period of incarceration.  *Id.* (citing Doc. 43 at 5 n.2).  This, Chambers argues, shows that "the defendants are not credible," and "the defendants are still manipulating the Court."  *Id.*  But the Magistrate Judge already addressed that argument and noted that "[b]ecause this action involves Plaintiff's efforts to grieve at the GDCP, rather than at Coastal State Prison, the Court need not resolve this factual dispute."  Doc. 43 at 5 n.2.

In other words, the Magistrate Judge weighed Chambers's conclusory allegations against the testimony of a senior counselor at GDCP, a former GDCP unit manager, and the contradictory testimony of Chambers himself to reach the conclusion that Chambers failed to exhaust his administrative remedies.  Doc. 43 at 6-8.  And while the

discrepancy between Chambers's purported grievance receipts is curious, it is not necessarily nefarious.  *See Lynch v. Ward*, 2022 WL 2392868, at *2 n.1 (M.D. Ga. July 1, 2022) (grievances submitted through a pilot program were not reflected in the GDC grievance history or in the records at Macon State Prison or Valdosta State Prison).  Moreover, as the Magistrate Judge noted, Chambers's grievances purportedly submitted from Coastal State Prison are simply not relevant to the question of whether Chambers properly grieved his claims arising from his incarceration at GDCP—the only claims at issue in this case.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 43) is **ADOPTED** and made the Order of the Court.  Accordingly, the defendants' motion to dismiss (Doc. 25) is **GRANTED**, and Chambers's claims are **DISMISSED** without prejudice.

**SO ORDERED**, this 14th day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT