**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ROY CHAMBERS, Jr.,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Deputy Warden THORNTON,** *et al.,* )<br>)<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION NO. 5:21-cv-1 (MTT)** |

**ORDER**

On July 17, 2024, the Court received a single envelope from Plaintiff Roy Chambers Jr. containing a motion for reconsideration (Doc. 50) of the Court's September 14, 2022 order of dismissal, and a motion to reopen the case (Doc. 51). Courts may reconsider a final order under either Federal Rule of Civil Procedure 59 or 60. *Brown v. Spells*, 2011 WL 4543905, at *1 (M.D. Ga. Sep. 30, 2011) (discussing *Mahone v. Ray*, 326 F.3d 1176, 1178 n. 1 (11th Cir. 2003)). Because Chambers's motions were filed more than twenty-eight days after the September 14, 2022 order (Doc. 48) and entry of Judgment (Doc. 49), the Court analyzes his motions under Rule 60(b).[1] Docs. 50; 51; *see also Mahone*, 326 F.3d at 1178 n. 1. For the following reasons, Chambers's motions (Docs. 50; 51) are **DENIED**.

---

[1] Under Rule 60(b), a motion for relief from judgment must be made within a reasonable time or within one year for certain enumerated reasons. Fed. R. Civ. P. 60(c)(1). *See also* Fed. R. Civ. P 59(e) ("[Motions] to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); M.D. Ga. L.R. 7.6 ("[M]otions for reconsideration shall be filed within fourteen (14) days after entry of the order."). Here, Chambers's motions were not made within a reasonable time because he waited nearly two years to file them, and he provides no reason for his delay. Docs. 50; 51. Accordingly, both motions are untimely. Chambers's motions also fail on the merits for the reasons discussed below.

## I. BACKGROUND

On January 4, 2021, Chambers filed this 42 U.S.C. §1983 action pro se asserting claims regarding the lack of handicap-accessible showers and toilets during his incarceration at Georgia Diagnostic and Classification Prison. Doc. 1. The defendants subsequently moved to dismiss arguing Chambers failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). Doc. 25. On September 14, 2022, the Court granted the defendants' motion because it concluded Chambers failed to exhaust his administrative remedies and dismissed the case. Doc. 48. Judgment was entered the same day. Doc. 49.

Chambers now requests reconsideration of this order because (1) the defendants have not produced any evidence and (2) because a reasonable jury could still find that the defendants are liable for his injuries. Doc. 50 at 3. Chambers also moves to reopen this case (1) because he claims it is unfair that he was required to comply with the PLRA and (2) because he disagrees with the Court's conclusion that he failed to exhaust administrative remedies before filing suit. Doc. 51 at 11-16.

## II. DISCUSSION

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." *Marsh v. Dep't of Child. & Fams.*, 259 F. App'x 201, 205 (11th Cir. 2007) (citing Fed. R. Civ. P. 60(b)) (internal quotation marks omitted). Chambers does not identify any mistake, inadvertence, newly discovered evidence, or fraud that would justify reopening

the case.  Docs. 50; 51.  Assuming Chambers intends to move under Rule 60(b)(6), which allows for relief for "any other reason that justifies relief," this provision applies only in extraordinary circumstances.  *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) ("Motions under [Rule 60(b)] are directed to the sound discretion of the district court.").  Chambers has not shown that such circumstances exist here.  Docs. 50; 51.

Accordingly, Chambers's motion for reconsideration (Doc. 50) is **DENIED**, and his motion to reopen the case (Doc. 51) is also **DENIED**.

**SO ORDERED**, this 3rd day of September, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
