IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROY CHAMBERS, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-1 (MTT) |
| | ) |
| Deputy Warden THORNTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

This action was dismissed, and judgment was entered on September 14, 2022. Docs. 48; 49.  On July 10, 2024, Plaintiff Roy Chambers Jr. filed a motion for reconsideration (Doc. 50) of the Court's September 14, 2022 order of dismissal, and a motion to reopen the case (Doc. 51).  Both motions were denied.  Doc. 52.  On August 27, 2024, Chambers filed a motion requesting a hearing on his claims and seeking permission to file a motion for summary judgment.  Doc. 53.  On September 16, 2024, United States Magistrate Judge Charles H. Weigle denied Chambers's motion (Doc. 53).  Doc. 55.  Chambers has since filed an objection to the Magistrate Judge's July 21, 2022 Report and Recommendation (Doc. 25) to dismiss this action for failure exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA").  Doc. 56.  Notably, Chambers previously objected to the July 21, 2022 Recommendation and this Court adopted the Recommendation in full after de novo review of the portions of the Recommendation to which Chambers objected.  Doc. 48.

The objection currently before the Court was signed October 17, 2024, and was docketed as an objection to a non-dispositive Magistrate Judge order—presumably the September 16, 2024 order denying Chambers's request for a hearing, although this order is not mentioned specifically by the objection.[1]  Doc. 56.  Under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), objections must be filed within 14 days of service of the Magistrate Judge's order or Report and Recommendation.[2]  Here, Chambers filed the objection more than two years after the July 21, 2022 Report and Recommendation and roughly one month after the September 16, 2024 order denying his request for a hearing.  *Compare* Docs. 25 and 55 *with* Doc. 56.  Chambers has not offered any explanation to excuse or justify the delay.  Even if Chambers's objection to the Magistrate Judge's September 16, 2024 order is timely, the Court still concludes that neither the July 21, 2022 Report and Recommendation nor the Magistrate Judge's September 16, 2024 order is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *see Addison v. Gwinnett Cnty.*, 917 F. Supp. 802, 808 (N.D. Ga. 1995).  Rather, this action was properly dismissed for the reasons set forth in this Court's September 14, 2022 order adopting the Magistrate Judge's July 21, 2022 Recommendation and this Court's September 3, 2024 order denying Chambers's motions for reconsideration and to reopen this case.  Docs. 48; 52.  It was neither clearly erroneous nor contrary to law to deny Chambers's request for a hearing on his claims or his request for permission to file a motion for summary judgment.  Docs. 53; 55.

---

[1] The objection also fails to provide specific arguments addressing the non-dispositive order entered on September 16, 2024.  Doc. 56.

[2] "A party may not assign as error a defect in the [non-dispositive] order not timely objected to."  Fed. R. Civ. P. 72(a); *see TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (collecting cases).

-3-

For the foregoing reasons, the Clerk is **DIRECTED** to **TERMINATE** Chambers's objection (Doc. 56).

**SO ORDERED**, this 16th day of December, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT